**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| HERBERT PENN | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-CV-00785-JKB |
| | ) | |
| NRA GROUP, LLC; | ) | |
| AND DOES 1-10, inclusive | ) | |
| | ) | |
|     Defendants | ) | |
| | ) | |

## DEFENDANT NRA GROUP, LLC'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Your Defendant NRA Group, LLC, by and through counsel, in answer to Plaintiff's Second Amended Class Action Complaint states as follows:

1. In answer to the allegations in Paragraph 1 of the Second Amended Complaint, Defendant admits that Plaintiff has brought an action under the Telephone Consumer Protection Act and has filed it as a putitive class action but denies that Plaintiff is entitled to any relief on the claims pled.

2. The allegations in Paragraph 2 of the Second Amended Complaint relate to jurisdiction for which an answer either admitting or denying the assertions is not required.

3. The allegations in Paragraph 3 of the Second Amended Complaint relate to venue for which an answer admitting or denying the assertions is not required.

4. On information and belief, Defendant admits the allegations in Paragraph 4 of the Second Amended Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Second Amended Complaint.

1

6. The allegations in Paragraph 6 of the Second Amended Complaint set forth a legal conclusion for which an answer admitting or denying the assertions is not required.

7. The allegations in Paragraph 7 of the Second Amended Complaint set forth a legal conclusion for which an answer admitting or denying the assertions is not required.

8. The allegations in Paragraph 8 of the Second Amended Complaint set forth a legal conclusion for which an answer admitting or denying the assertions is not required.

9. In answer to the allegations in Paragraph 9 of the Second Amended Complaint, Defendant is without sufficient information to admit or deny that it placed calls to Plaintiff's cell phone and in further answer, avers that the calls placed to the Plaintiff were not made by an automated telephone dialing system and therefore denies this allegation.

10. Defendant denies the allegations in Paragraph 10 of the Second Amended Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Second Amended Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Second Amended Complaint.

13. In answer to the allegations in Paragraph 13 of the Second Amended Complaint, Defendant admits that Plaintiff did not provide his cell number to Defendant but denies that he never consented to calls to his cell phone.

14. In answer to the allegations in Paragraph 14 of the Second Amended Complaint, Defendant avers that the allegation contains language appearing on Defendant's website and that the website constitutes the best evidence of its contents.

15. Defendant denies the allegations in Paragraph 15 of the Second Amended Complaint.

16. In answer to the allegations in Paragraph 16 of the Second Amended Complaint, Defendant avers that the allegation contains language appearing on Defendant's website and that the website constitutes the best evidence of its contents.

17. The allegations in Paragraph 17 of the Second Amended Complaint set forth a legal conclusion for which an answer admitting or denying the assertions is not required.

18. In answer to the allegations in Paragraph 18 of the Second Amended Complaint, Defendant avers that the allegation contains language appearing on Defendant's website and that the website constitutes the best evidence of its contents.

19. Defendant denies the allegations in Paragraph 19 of the Second Amended Complaint.

20. In answer to the allegations in Paragraph 20 of the Second Amended Complaint, Defendant is without sufficient information to admit or deny the assertions.

21. In answer to the allegations in Paragraph 21 of the Second Amended Complaint, Defendant admits that its calls to the Plaintiff were not for emergency purposes but is without sufficient information to admit or deny that the calls were made to Plaintiff's cellular telephone.

22. In answer to the allegations in Paragraph 22 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

23. In answer to the allegations in Paragraph 23 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

24. In answer to the allegations in Paragraph 24 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

25. In answer to the allegations in Paragraph 25 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

26. In answer to the allegations in Paragraph 26 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

27. In answer to the allegations in Paragraph 27 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

28. In answer to the allegations in Paragraph 28 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

29. In answer to the allegations in Paragraph 29 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

30. In answer to the allegations in Paragraph 30 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

31. In answer to the allegations in Paragraph 31 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

32. In answer to the allegations in Paragraph 32 of the Second Amended Complaint, Defendant admits that Plaintiff has brought a class action but denies that this case is suitable for class treatment.

33. In answer to the allegations in Paragraph 33 of the Second Amended Complaint, Defendant realleges and incorporates by reference its answers to the preceding paragraphs.

34. Defendant denies the allegations in Paragraph 34 of the Second Amended Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Second Amended Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Second Amended Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Second Amended Complaint fails to set forth the cause of action for which relief may be granted because the Defendant did not use an automated telephone dialing system to contact the Plaintiff and further, Defendant consented to any calls to his cell phone.

### **SECOND AFFIRMATIVE DEFENSE**

Defendant consented to calls to his cell phone and therefore there he has no cause of action under the Telephone Consumer Protection Act.

WHEREFORE, having fully answered the Second Amended Complaint, Defendant asks that it be dismissed, with prejudice and that Plaintiff be required to pay its costs and expenses.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:    (301) 424-7470
E-Mail:  rcanter@roncanterllc.com
*Attorney for Defendant NRA Group, LLC*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 5th day of July, 2013 to:

Sergei Lemberg, Esquire
LEMBERG AND ASSOCIATES, LLC
1100 Summer Street, Third Floor
Stamford, Connecticut 06905
E-Mail:  slemberg@lemberglaw.com
*Attorney for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant NRA Group, LLC*