**The Law Offices of
Ronald S. Canter, LLC**
200A Monroe Street, Suite 104
Rockville, Maryland 20850
www.roncanterllc.com

*Birgit Dachtera Stuart, Esquire*          301-424-7490
*Licensed in MD, CA, DC*          301-424-7470 Fax
          bstuart@roncanterllc.com

December 6, 2013

Honorable James K. Bredar
United States District Court Judge
United States District Court, District of Maryland
101 West Lombard Street
Baltimore, MD 21201

    Re:    Herbert Penn v. NRA Group, LLC
           Civil Action No.: 1:13-cv-00785-JKB

           Telephonic Discovery Conference, 12/9/13 @ 3:30 p.m.

Dear Judge Bredar:

    Defendant NRA Group, LLC ("NRA"), requested this conference to address the improper Expert Witness Disclosure served by Plaintiff on November 13, 2013, a copy of which is attached hereto as Exhibit 1.

    The "disclosure" provides nothing more than the expert's name and address, as well as a vague statement that he "is expected to testify regarding his expert opinions relating to technology described within the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*"

    Conspicuously absent is the written report required by Federal Rule of Civil Procedure, Rule 26(a)(2)(B), leaving Defendant to guess as the witness's opinions, the basis for them, any exhibits that will be used, the witness's qualifications, a list of previous cases and testimony and a statement of his compensation for both the report and any testimony in this matter. The "disclosure" even fails to provide a contact telephone number for the proposed expert.

    These deficiencies were immediately brought to Plaintiff's counsel's attention, and he was asked to supplement his report within five (5) days or Defendant would file a motion to strike the report. Mr. Lemberg's only response was an email stating: "Finally, file whatever motion you want. The Pacer website works 24 hours a day." When no amendment was forthcoming, Defendant realized that this was likely a matter best handled pursuant to Your Honor's Memorandum To Counsel Regarding Discovery Procedures, and Defendant's Counsel notified Mr. Lemberg that we would be requesting a hearing.

The days of trial by ambush are over, and the Federal Rules of Civil Procedure and the Local Rules of this Court reflect that policy. "The purpose of the report [required under Fed.R.Civ.P. 26(a)(2)(B)(i)-(vi)] is 'to avoid the disclosure of 'sketchy and vague' expert information.' *Washington v. McKee,* . . . 2006 WL 2252064 (E.D.Va. Aug. 3, 2006) (*quoting Sierra Club v. Cedar Point Oil Co., Inc.,* 73 F.3d 546, 571 (5th Cir. 1996).) 'An expert report satisfies Rule 26(a)(2)(B) if it is 'sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced.' *Id* . (quoting *Dunkin' Donuts Inc. v. Patel,* 174 F.Supp.2d 202, 211 (D.N.J. 2001))." *Wright v. Commonwealth Primary Care, Inc.*, 2010 WL 4623998 (E.D.Va. Nov. 2, 2010). Plaintiff's disclosure leaves Defendant to guess as to the scope of any expert testimony, and places Defendant, whose own Disclosures are due on December 16th, in a difficult position.

Defendant respectfully requests that Plaintiff's Disclosures be stricken, a sanction often employed by Courts when a party fails to comply with the requirements of Federal Rule of Civil Procedure, Rule 26(a)(2)(B). *See, e.g., Smartdesks, Inc. v. CBT Supply, Inc.* 2008 WL 6333581 (D.Md. Dec. 2, 2008); *Smith v. Atkins,* 777 F.Supp.2d 955, 962 -963 (E.D.N.C.2011); and *Wright, supra.*

Thank you for your consideration.

        Very truly yours,

        THE LAW OFFICES OF RONALD S. CANTER, LLC

        By:   /s/ Ronald S. Canter
                Birgit Dachtera Stuart, Esquire
                Counsel for Defendant NRA Group, LLC

RSC/mdl
Enclosure(s)
V:\DRC\PENN, HERBERT-13-1312\WORD\2013 12 06 LETTER TO JUDGE BREDAR.DOC

cc:     Sergei Lember, Esquire via ECF